W. C. WEEDON *v.* ELIZABETH B. WATERHOUSE,
Executrix of the Will of J. T. WATERHOUSE, Deceased.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 14, 1896.        DECIDED MARCH 16, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

A contract for personal services terminates on the death of the employer.

In a contract by which an employer engaged a person (plaintiff) as manager and superintendent of his business for a period of three years upon a stated salary, a clause "should changes be brought about in the business to affect this arrangement your interests shall be provided for," construed to mean (in view of the language of the entire contract) a change made in the business during the lifetime of the employer, which would terminate the contract.

The contract does not bind the executrix to continue the employment of plaintiff after the death of the employer.

No breach of the contract during the lifetime of the employer is alleged. The selling of the business by the executrix is not claimed to be a breach of the contract.

OPINION OF THE COURT BY JUDD, C.J.

This is an action in assumpsit to recover $5,114.05 of the executrix of John T. Waterhouse (2nd), deceased, the cause of action being stated as follows: That the said John T. Waterhouse, in his lifetime, to wit, the fourth day of June, 1395, entered into a contract with plaintiff, by which he agreed to pay to the plaintiff a salary of two hundred dollars per month and a bonus of three hundred dollars at the close of each year for a period of three years, and it was also agreed in said contract

that, should changes be brought about in the business to affect this arrangement, the plaintiff's interests should be provided for; that the plaintiff accepted said offer according to the terms thereof, and continued to serve said John T. Waterhouse until his death, on March 2, 1896, and the defendant Elizabeth B. Waterhouse as executrix after the death of said John T. Waterhouse until on or about July 1st, 1896; that although the plaintiff had performed all things on his part to be performed, and was ready and willing to serve the said John T. Waterhouse during his lifetime, and the defendant as executrix after his death, according to the terms of the contract for the full term thereof, yet the defendant as executrix as aforesaid sold the merchandise and assets forming the business in the said contract referred to, to Messrs. F. T. P. Waterhouse, E. C. Waterhouse, John Waterhouse and G. S. Waterhouse, on July first, 1896, and did not thereafter carry on said business, and said executrix in selling the business aforesaid did not in any way provide for the interests of plaintiff, but disclaimed all responsibility therefor, as more particularly appears by a letter marked B., &c., to the damage of the plaintiff, &c.

The contract referred to is a letter from Mr. J. T. Waterhouse to the plaintiff, as follows:

HONOLULU, H. I., June 4th, 1895.

Mr. Walter C. Weedon, City:

Dear Sir—Desiring to secure your services as manager and superintendent of my business, I make you the following proposition:

First, I will pay you a salary of two hundred dollars per month, and a bonus of three hundred dollars at the close of each year, to hold good for a period of three years unless mutually agreed upon otherwise, it being understood that, should changes be brought about in the business to affect this arrangement, your interests shall be provided for.

Secondly, you are expected to take charge of and have full oversight of the business in all of the stores and branches and

control of employes, and the same are to be responsible to you at all times. You will of course consult me in all important or radical changes, or my attorney in fact if I am absent. Hoping this will be satisfactory, and that you will be ready to report for duty at an early date,

Yours very truly,

[Sig.]                    JOHN T. WATERHOUSE.

The letter from the defendant to plaintiff is as follows:

(Exh. B.)

"HONOLULU, June 27, 1896.

Mr. Walter C. Weedon:

Dear Sir—I, as executrix under will of my late husband, John T. Waterhouse 2nd, have no authority under his will to continue his business, and I have decided to dispose of the assets to my sons, who will take charge on July 1st next. I incur no responsibilities after July 1st next for any services which may be rendered to my sons in connection with the business, and therefore now inform all persons who were in the employ of my late husband that they are henceforth to arrange with my sons for any services hereafter to be rendered by them.

Yours truly,

[Sig.]                    ELIZ. B. WATERHOUSE,

Executrix under the will of the late J. T. Waterhouse 2nd."

The defendant demurred to the complaint, assigning as causes of demurrer:

I. That the said declaration does not state facts sufficient to constitute a cause of action.

II. That the said declaration shows no breach of the agreement declared or committed, either by the decedent during his lifetime, or by the defendant.

III. That the said declaration is ambiguous, unintelligible and uncertain.

The demurrer was, by consent of plaintiff, reserving his right of exception, sustained and judgment ordered for the defendant, and a bill of exceptions to this court was filed and allowed.

Counsel for plaintiff, Messrs. Kinney & Ballou, rely upon the clause in the contract which reads, "it being understood that should changes be brought about in the business to affect this arrangement your interests shall be provided for," and contend that the breach of the contract is the sale by the executrix of the business without in any way providing for the interests of the plaintiff; that the death of Mr. Waterhouse was a change brought about in the business which has affected his arrangement, and that, in fact, the death of Mr. Waterhouse was the precise contingency against which this clause was intended to provide; that the only way to provide for the interests of the plaintiff is to pay his salary and bonus for the whole period, less what he has or may earn; that it was the duty of the executrix to fulfill this contract of the testator; that there being a legal duty on the part of the executrix to provide for the interests of the plaintiff, no demand on his part was necessary; that the words in the declaration alleging the breach, in selling the business aforesaid, was merely descriptive of the time when the executrix should have provided for the interests of the plaintiff.

This is a contract for personal services. Mr. Waterhouse agreed to employ Mr. Weedon as manager and superintendent of his business. By the general law a contract for personal services terminates with the death of either party. By Hawaiian statute law, Compiled Laws, Sec. 1424, a contract for personal service ceases to bind the servant after the death of the master. "A contract which has for its object the rendering of personal services is discharged by the death * * of the promisor." Anson's Law of Contracts, p. 395. "Contracts which depend upon the existence, or the personal qualities, skill or services of one of the parties, are, in general, discharged by the death of either party." 2 Chitty, Contr. p. 1411.

"A contract for hiring and service is dissolved by the death of the master or servant." 1 Addison, Cont. 653.

Many cases may be cited sustaining the above texts, e. g.

*Clark v. Gilbert*, 26 N. Y. 279; *People v. Globe Mut. Life Ins. Co.*, 91 N. Y.179; *Lacy v. Getman*, 119 N. Y. 113.

We do not hesitate to hold the contract in question terminated by the death of the employer, Mr. Waterhouse. The executrix of Mr. Waterhouse's will had no authority to continue the business of the testator, and neither she nor her sons to whom she sold the business were bound to continue the services of the plaintiff for the remainder of the period contracted for.

Is there, then, any obligation to the plaintiff surviving to and binding the executrix of the testator, the employer of the plaintiff? To determine this, reference must be had to the contract. It does not in terms bind the executrix. Does it do so by proper inference? If the clause, "should changes be brought about in the business to affect this arrangement, your interests shall be provided for," was left out of the contract there would be no foundation upon which to rest an obligation.

It seems to us that the "changes in the business" which would end the contract were contemplated to be such as might be brought about in the lifetime of the employer, and while, up to the time of making the change, he was the owner of the business. Certainly if Mr. Waterhouse had sold the business in his lifetime, or had incorporated it, or had taken in a partner, such changes would "affect" and put an end to the employment of the plaintiff, and then the obligation to provide for the interests of the plaintiff would be in force, and a failure to do so would be a breach of the contract. Just what the provision for plaintiff's interests would be in law is not necessary here to decide.

To enable us to hold that a "change in the business" meant a change made after the employer's death requires more definite terms binding the executrix to continue the contract of employment of plaintiff, or to provide for his interests.

It is not contended that the clause in question operates as a testamentary direction to the employer's executrix or devisees to continue the contract of employment. Not being attested by two witnesses, it could not be proved as a will.

Mr. Waterhouse says to plaintiff in the contract: "You will of course consult me in all important or radical changes, or my

attorney in fact if absent." This requires the employer to be alive in order that he or his attorney in fact be consulted on such changes. In short, no breach of the contract is averred to have been made by the employer in his lifetime; the obligation in the contract does not survive to the representatives of the deceased employer, either in terms or by implication, and therefore there can be no breach of it. The question of the hardship resulting to the plaintiff, whose remunerative employment was cut off by the death of Mr. Waterhouse, we cannot consider. We find no legal ground upon which to support an obligation on the part of the executrix to remunerate him.

The exception to the order of the Circuit Court, First Circuit, sustaining the demurrer and ordering judgment for the defendant, is overruled.

*Kinney & Ballou*, for plaintiff.

*A. S. Hartwell*, for defendant.